THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN A. HASTINGS, Relator, v. SAMUEL H. HOFSTADTER and Others, Respondents.*

Supreme Court, Kings County, January 13, 1932.

---

* Affd., 234 App. Div. 388: 258 N. Y. 425.

*Frank P. Walsh*, for the relator.

*Samuel Seabury*, for the respondent.

BYRNE, J.   It appears that the relator is a duly elected member of the Senate of the State of New York representing the seventh senatorial district in and for the county of Kings.   He has been served with a subpœna directing that he appear for examination before a certain legislative committee authorized to conduct an investigation into the administration of various departments of the government of the city of New York.   He has applied to this court to vacate such subpœna and to restrain respondents and their counsel from taking any action consequent upon its service.   His motion is predicated, in part, upon the premise that the service of such subpœna constitutes a violation and denial of a certain immunity privilege afforded him by section 2 of the Legislative Law. That section, in so far as material herein, reads as follows: "A member of the legislature shall be privileged from arrest in a civil action or proceeding other than for a forfeiture or breach of trust in public office or employment, while attending upon its session, and for fourteen days before and after each session, or while absent, for not more than fourteen days during the session with the leave of the house of which he is a member."

It appears that the subpœna was served and made returnable at a time during which an arrest, if made in a specified case, was proscribed by statute.   Relator contends that the foregoing section gives members of the Legislature an immunity from the service of citation since it may subsequently develop as a fundamental jurisdictional factor upon which an arrest may be predicated. The statute in clear and unequivocal language confers an immunity from an arrest.   It is not to be extended by mere judicial construction to include an exemption from citation.

An "arrest" presupposes a restraint of liberty. (*People* v. *Esposito*, 118 Misc. 867.) It suggests the taking, seizing or detaining of a person. The definition cannot be distorted to include a mere citation of a subpœna. If the Legislature had intended a member to be so privileged, it is fair to assume that it would have so enacted. Such recognition has been expressly noted in the Constitutions of Kansas, Nebraska, Alabama, Arkansas, California and various other States.

Relator insists, however, that the service of the subpœna, if valid, may constitute an initial step toward an ultimate arrest which will prejudice his attendance upon his public duties. The right to relief, however, must necessarily be predicated upon facts as they presently exist and not upon mere inferences of possible future action. A subpœna has been served. No arrest in contravention of the statute has been made. If there is to be indulgence in the realm of conjecture at all, it is to assume that no public agency will deliberately violate a clear legislative enactment. The mere issuance of the subpœna does not *per se* presuppose a consequent arrest, even if there be a failure of compliance with its mandate on the part of the relator. If and when an incarceration is effected, or imminently threatened by way of order, only then will the question of the propriety of such arrest under the statute become material. The statute, however, cannot be invoked to secure immunity save as it expressly provides. It is to be applied upon the consummate fact and not in anticipation.

Relator further contends that the subpœna served is void upon the ground that it was signed by a member of the committee previous to the filing of his constitutional and statutory oath, as required both by article 13, section 1, of the State Constitution and section 10 of the Public Officers Law (as amd. by Laws of 1913, chap. 59). It appears that the subpœna was signed *ad interim* the expiration of one term of office and the taking and filing of the required oath upon a successive term. Section 15 of the Public Officers Law reads, in part, as follows: " If a public officer, duly chosen, has heretofore entered, or shall hereafter enter on the performance of the duties of his office, without taking or filing an official oath, * * * as required by the constitution, or by any general or special law, his acts as such officer, so performed, *shall be as valid and of as full force and effect* as if such oath had been duly taken and filed, * * *."

The foregoing clearly disposes of the contention that there was a lack of power in the particular member to issue the subpœna. Motion denied. Settle order on notice.